UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Plaintiffs<br><br>vs.<br><br>CHRIS MEALEY ELECTRICAL, INC., Defendant<br><br>and<br><br>FIRST TRADE UNION BANK and FLEET BANK, Trustees | C.A. No. 04-12209 EFH |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Upon the Complaint and Exhibits attached thereto, the Affidavit and Memorandum in support of their Motion for Preliminary Injunction, the Plaintiff Trustees, pursuant to §502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(3), and Rule 65(a), Federal Rules of Civil Procedure, respectfully request this Court to enter a Preliminary

Injunction enjoining defendant Chris Mealey Electrical, Inc. ("Mealey") from refusing to permit an audit of its books and records.

As grounds therefore, plaintiffs state as follows:

1) Based on the foregoing Complaint, Exhibits and Affidavits, plaintiffs have exhibited a likelihood of success on the merits.

2) Unless enjoined by this Court, the defendant will continue to ignore its obligations under the terms of the Employee Retirement Security Act of 1974, as amended ("ERISA"), and of the Restated Agreement and Declaration of    Trust of the Health and Welfare Fund, to which it is bound, to permit auditors to audit its books in order to verify whether it made all required contributions to the appropriate funds.

3) There is no adequate remedy at law.

4) The defendant's refusal to permit an audit will result in irreparable injury, loss, and damage to the plaintiffs.

5) The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the defendant but will prevent irreparable injury to the plaintiffs, and would further the public interest.

WHEREFORE, plaintiffs move this Court to grant a preliminary injunction compelling the defendant and its agents to permit an audit of its books and records for the period April, 2004 to the present to determine the amount, if any, defendant owes plaintiff Funds. Plaintiffs further request that they be excused from posting a bond.

    Respectfully submitted,

    RUSSELL F. SHEEHAN, as he is
    ADMINISTRATOR, ELECTRICAL
    WORKERS' HEALTH AND WELFARE
    FUND, LOCAL 103, I.B.E.W., et al,

    By their attorneys,

    /s/ Gregory A. Geiman
    Anne R. Sills, Esquire
    BBO #546576

Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  March 10, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies, in accordance with Rule 7.1(A)(2), that prior to filing Plaintiffs' Motion for Preliminary Injunction in this matter he spoke with Defendant's agent Christopher Mealey and the parties attempted in good faith to resolve or narrow the issue.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Motion for Preliminary Injunction has been served by first class mail upon defendant Chris Mealey Electrical, Inc. at 90 Wilkins Road, Braintree, MA  02184 this 10th day of March, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 02-037/motpreinj.doc

3