UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br>　　　　　Plaintiffs<br><br>vs.<br><br>CHRIS MEALEY ELECTRICAL, INC.,<br>　　　　　Defendant<br><br>and<br><br>FIRST TRADE UNION BANK and FLEET BANK,<br>　　　　　Trustees | C.A. No. 04-12209 EFH |

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINDING OF CIVIL CONTEMPT AND FOR FURTHER ACTION**

## I.　INTRODUCTION

　　This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit plans and a labor union seeking to collect fringe benefit contributions due under the terms of a collective

bargaining agreement. Defendant Chris Mealey Electrical, Inc. (hereinafter "Mealey") is a Massachusetts corporation with a principal place of business listed at 90 Wilkins Road, Braintree, Massachusetts, and is bound to the terms of a collective bargaining agreement and the Plaintiffs' governing documents.

Plaintiffs Russell F. Sheehan, as he is Administrator, et al (hereinafter "Funds"), now move this honorable Court for an order of civil contempt against the Defendant for its failure to comply with this Court's Order for Preliminary Injunction, dated April 11, 2005; specifically, for its failure to permit a full and complete audit as ordered by this Court. The Funds seek (1) a finding of contempt against Mealey for its continuing violation of the Court's Order; (2) imposition of a compensatory fine against Mealey to make whole the Funds for damages caused by Mealey's conduct; (3) imposition of a conditional fine of $500.00 per day that Mealey refuses to submit to the audit as ordered; and/or (4) issuance of a capias to place Mealey president Christopher J. Mealey in custody if he fails to appear at a hearing on this Motion and/or continues to fail and refuse to comply with the Order thereafter.

This Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## II.   STATEMENT OF FACTS

Mealey is bound by the terms of the Letter of Assent authorizing the Boston Chapter, NECA as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union, 103, I.B.E.W. The Letter of Assent is attached to the Complaint as Exhibit A. Mealey is also bound by the successive collective bargaining agreements to which it

is signatory, including the Agreement which was effective from September 1, 2000 through August 31, 2003 (hereinafter "Agreement"), the relevant pages of which are attached to the Complaint as Exhibit B. The Agreement requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly remittance reports, on which employers calculate the payments they owe. See Affidavit of Russell Sheehan ("Sheehan Aff."), attached to Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction, par. 2.

Mealey has failed to submit remittance reports to the Funds for work performed since April, 2004 or to forward the dues that it has deducted from its employees' wages. Sheehan Aff., par. 4. Counsel for the Funds sent certified letters to Mealey dated July 6, July 30, August 30, and September 28, 2004, notifying it of its delinquency for the above-mentioned period and demanding payment. Copies of those letters are attached to the Complaint as Exhibit D. To date, Mealey has failed and refused to pay the unliquidated amount in contributions and interest due. Section 4.9 of the Agreement requires employers that become delinquent in their trust fund contributions to furnish employment records and a current list of projects, including the names and addresses of the owner, manager, general contractor and or subcontractor for whom it has worked. Section 6.38(g) of the Agreement further provides that upon request, the parties thereto shall be allowed to examine the employer's payroll records. See Complaint, Exhibit B; Sheehan Aff., par. 3.

On December 7, 2004, counsel for the Funds sent a certified letter to Mealey requesting that an audit be scheduled immediately and that the amounts due and owing be paid. A copy of this letter is attached to the Plaintiffs' Memorandum in Support of Motion for Preliminary

3

Injunction as Exhibit 1. The audit is necessary to ascertain both the extent of Mealey's liability to the Funds and the identities of its employees so that they may receive credit for benefits for the hours worked. Mealey failed and refused to respond to the audit demands. Sheehan Aff., par. 5. Thus, on March 10, 2005, the Funds filed a Motion for Preliminary Injunction with this Court, seeking to enjoin Mealey from refusing to permit an audit of its books and records. The Court granted this Motion on April 11, 2005, and the Court's Order for Preliminary Injunction, attached hereto as Exhibit A, stated, in part:

> Defendant is bound by the terms of the collective bargaining agreement with Local Union, 103, I.B.E.W. to furnish to Plaintiffs employment records and a current list of projects, including the names and addresses of the owner, manager, general contractor and or subcontractor for whom it has worked, and to allow Plaintiffs to examine its payroll records.

Subsequently, on April 27, 2005, Plaintiffs served Defendant with a copy of the Court's Order at Defendant's usual place of business, service made upon Monique Mealey. A true and accurate copy of the Return of Service is attached hereto as Exhibit B. On May 10, 2005, Funds' counsel sent a letter to Mealey via certified and first class mail, further informing the Defendant of the Order and demanding that it would file the instant motion should Defendant fail to promptly arrange a time for the Funds' auditor to examine its payroll records. A true and accurate copy of Funds' counsel's May 10, 2005 letter is attached hereto as Exhibit C. No response was received to this letter or to any telephone messages left with the Defendant thereafter.

III.  **ARGUMENT**

    A.  **THE COURT SHOULD FIND MEALEY IN CONTEMPT OF COURT FOR VIOLATING THE COURT'S APRIL 11, 2005 ORDER.**

The purpose of civil contempt is to "coerce present or future compliance with an order of the court." In Re Kave, 760 F. 2d 343, 351 (1st Cir. 1985). In order to hold a party in contempt, the complainant must show by clear and convincing evidence that the party violated a court order that is clear and unambiguous. Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991); Langton v. Johnson, 928 F.2d 1206, 1220 (1st Cir. 1991). The Court may also require the order to satisfy the specificity requirements of Rule 65(d) to be enforceable in contempt.[1] Burke v. Guiney, 700 F.2d 767, 769 (1st Cir. 1983).

        1.  **The Court's April 11, 2005 Injunctive Order is Clear and Unambiguous, and Satisfies the Specificity Requirements of Rule 65(d).**

The Court's April 11, 2005 Order is clear and unambiguous. The Order is specific in its terms and describes in reasonable detail the acts required of Mealey. See Project B.A.S.I.C., supra at 17 (quoting Reed v. Cleveland Bd. of Educ., 607 F.2d 749, 752 (6th Cir. 1979))("'The notice of a judicial order upon violation of which a contempt finding may properly based is such notice as would clearly tell a reasonable person what he is required to do or abstain from doing.'") Again, the Order states that

> Defendant is bound by the terms of the collective bargaining agreement with Local Union, 103, I.B.E.W. to furnish to Plaintiffs employment records and a current list of projects, including the names and addresses of the owner, manager, general contractor

---

[1] Fed. R. Civ. P. 65(d) provides: Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

5

and or subcontractor for whom it has worked, and to allow Plaintiffs to examine its payroll records.

A reasonable person would clearly understand the acts the Order requires of Mealey and its agents, officers, employees, accountants, and assigns – allowing the Funds to examine Mealey's payroll records, and providing the Funds with employment records and a current list of projects for the period April, 2004 to the present. Further, the Order specifies that Mealey need provide the names and addresses of the owner, manager, general contractor, and/or subcontractor for any of its current projects. There was no question about the meaning of the Court's Order at the time of its issuance, and neither the Funds nor Mealey has ever asked the Court to clarify or reconsider the Order.

**2.    There is Clear and Convincing Evidence that Mealey Violated the Court's April 11, 2005 Order.**

To date, Mealey has failed and refused to cooperate with the Funds and provide them with its payroll records, employment records, and a current list of projects for the period April, 2004 to the present, despite the Order's clear mandate to do so. Mealey's failure and refusal to provide the records constitutes a clear, direct violation of the Court's Order.

**3.    Because Mealey is in Contempt of the Court's Order, the Court Should Impose on Him a Conditional Fine and/or Issue a Capias to Place Him in Custody, as Well as Award the Funds Compensatory Damages.**

District courts have broad power to design remedies in civil contempt proceedings. McComb v. Jacksonville Paper Co., 336 U.S. 187, 193-194 (1949); Service Employees International Union, Local 36 et al. v. Pullman et al., C.A. No. 85-1476 (3d Cir. March 7, 1986) (see copy attached hereto at Exhibit D). A civil contempt judgment "results in imprisonment or a conditional fine to induce the purging of contemptuous conduct." In Re Kave, 760 F.2d 343, 351 (1st Cir. 1985). Additionally, the court may impose a "compensatory fine to make whole the

6

aggrieved party for damages caused by the contemnor's conduct . . . [A]ny amount assessed by the court must be based upon evidence of the complainant's actual losses, and his right to recover, as in any civil litigation, is dependent upon the outcome of the underlying controversy." Id. (quoting United States v. United Mine Workers, 330 U.S. 258, 304, 67 S. Ct. 677, 701 (1947)).

    Accordingly, the Court in its discretion should impose a conditional fine on Mealey to induce it to immediately provide the pertinent records to the Funds. The Funds suggest that the amount of the fine be $500.00 a day, from the date of the Court's action on this Motion, that Mealey fails to comply with the April 11, 2005 Order.

    Additionally, the Court should impose on Mealey a compensatory fine to compensate the Funds for the damages caused them by Mealey's refusal to provide the pertinent records. As a result of Mealey's conduct, the Funds have been unable to determine the full extent of Mealey's liability to the Funds, and thus have been unable to satisfy fully their fiduciary and statutory obligations to their beneficiaries and participants. See Central States Southeast and Southwest Areas Pension Fund et al. v. Central Transport, Inc., et al., 472 U.S. 559 (1985)(trustees of multi-employer employee benefit plans covered by ERISA have power under trust document to examine pertinent records of each employer). Because of Mealey's contemptuous conduct, the Funds have incurred attorneys' fees in the amount of $836.00 related to the instant contempt proceedings. See Affidavit of Anne R. Sills, attached hereto as Exhibit E. As a result, the Court should include in the compensatory fine the $836.00 in attorneys' fees incurred by the Funds.

    Finally, if the Court schedules a hearing on this Motion, and Mealey fails to attend the hearing and/or continues to fail and refuse to comply with the Court's Order immediately following the hearing, the Funds request that the Court issue a capias to place Mealey president

Christopher J. Mealey in custody until he complies with the Order.  The First Circuit has recognized the availability of the sanctions of imprisonment as well as monetary fines in civil contempt proceedings to "*induce* the purging of contemptuous conduct."  In Re Kave, 760 F.2d 343, 351 (1985).  Accord Service Employees International Union, Local 36, supra, slip op. at 5-6 (quoting Latrobe Steel Co. v. United Steelworkers, 545 F.2d 1336, 1344 (3d Cir. 1976)("Trial judges . . . may impose an indeterminate period of confinement which may be brought to end only by the contemnor's ultimate adherence to the court's order . . . [;] may levy a fine of a specified amount for past refusal to conform to the injunction, conditioned, however, on the defendant's continued failure to obey . . . [; and] may also specify that a disobedient party will be fined a certain amount for each day of noncompliance.")

      Further, federal courts have recognized the availability of these remedies in ERISA actions in which defendants have failed and refused to pay contributions to health and welfare and pension plans and/or refused such plans' requests for audits of payroll records.  See, e.g., Service Employees International Union, Local 36, supra (finding district court did not abuse its discretion in requesting incarceration of defendant's principal officer pending payment of all unpaid contributions due pension and health and welfare funds as sanction in civil contempt proceedings); Building Trades United Pension Trust Fund et al. v. Eatons Asphalt Service, No. 83 C 1871 (E.D. Wisc. August 28, 1986) (see copy attached hereto at Exhibit F) (imposing ten day jail term on defendant's principal officer, pending hearing to determine whether defendant purged his contemptuous conduct before hearing, for failure to pay unpaid health and welfare and pension fund contributions and permit audit of payroll records and books).  In this case, the most effective remedy would be to issue a capias to place Mealey in custody if he fails to appear

at a hearing on this Motion and continues to fail and refuse to comply with the Order immediately thereafter.

## IV.     CONCLUSION

For the foregoing reasons, the Court should grant the Funds' Motion for Finding of Civil Contempt and For Further Action.

>    Respectfully submitted,
>
>    RUSSELL F. SHEEHAN, as he is
>    ADMINISTRATOR, ELECTRICAL
>    WORKERS' HEALTH AND WELFARE
>    FUND, LOCAL 103, I.B.E.W., et al,
>
>    By their attorneys,
>
>    /s/ Gregory A. Geiman
>    Anne R. Sills, Esquire
>    BBO #546576
>    Gregory A. Geiman, Esquire
>    BBO #655207
>    Segal, Roitman & Coleman
>    11 Beacon Street
>    Suite #500
>    Boston, MA  02108
>    (617) 742-0208

Dated:  October 17, 2005

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum of Law in Support of Plaintiffs' Motion for Finding of Civil Contempt and for Further Action has been served by first class mail upon defendant Chris Mealey Electrical, Inc. at 90 Wilkins Road, Braintree, MA  02184 this 17th day of October, 2005.

>    /s/ Gregory A. Geiman
>    Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 02-037/memo-contempt.doc

9