AUG 2 8

attorneys for
pursuant
F
to ... 77 (c) Federal Rules of
Civil Procedures.

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

-------------------------------------------------------------

BUILDING TRADES UNITED PENSION
TRUST FUND, CONSTRUCTION WORKERS
HEALTH FUND, BUILDING & PUBLIC
WORKS LABORERS VACATION FUND, AND
ALEX JORDAN

                    Plaintiffs          Case No. 83 C 1871

v

EATONS ASPHALT SERVICE

                    Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FINDINGS OF CONTEMPT
AND
ORDER

-------------------------------------------------------------

The plaintiffs filed a complaint on November 17, 1983 along with a Request for Temporary Restraining Order and the Court issued Findings of Fact and Conclusions of Law along with an Order requiring Eatons Asphalt Service, their officers, stockholders and agents to pay current contributions to plaintiff trust funds as contributions accrued commencing with the work month of January, 1984 which become due on February 15, 1984. That Order was entered on March 23, 1984.

Plaintiffs filed a Motion for Contempt of Court and a Stipulation and Order was entered on March 29, 1985 requiring defendant, Eatons Asphalt Service to pay contributions which were stipulated to be due in the amount of $23,774.07 pursuant to a payment schedule. This Court, on March 29, 1985, ordered

Building Trade United Pension Trust
Fund v. Eatons Asphalt Service    1986

Eatons Asphalt Service Inc. to pay the stipulated payments in accordance with the negotiated payment schedule and specifically ordered the sum of $3,000 to be paid on October 15, 1985 and the sum of $4,928.55 to be paid on November 15, 1985. In addition the Court ordered Eatons Asphalt Service Inc. to pay all current contributions as they accrue on the 15th of each month following the month worked; said payments were to be received in the office of Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman s.c. by 12 noon on the 25th day following the month worked. The Court stated in that order:

> "If any payment is not received, such payment will be considered an additional contempt of court and the matter will be referred to the court for appropriate action."

The Order further provided that,

> "IT IS FURTHER ORDERED, that imposition of sanctions on the contempt of court findings be deferred pending the outcome of the payment schedule. ... If, however, there is a default in the payment of any payment on the payment schedule or any current contributions, plaintiff shall have the right to return this matter to the Court for the imposition of sanctions against the defendant on the contempt of court findings."

Plaintiffs filed an Order to Show Cause on August 18, 1986 along with a Motion for Contempt and an Affidavit which recited the fact that Eatons Asphalt Service has failed to comply with the Stipulation and Order for Preliminary Injunction entered on March 26, 1986 and that the company had failed to submit $3,000 which was due on October 15, 1985 and $4,928.51 due on November 15, 1985 as well as current contributions for the work

month of December, 1985 through July, 1986. The Affiavit further

recited that defendant had not permitted the auditor of the Building

Trades United Pension Trust Fund to audit the payroll records

of defendant to verify the amounts presently due and owing.

Leo Eaton, the principal officer of the corporation,

appeared in court on August 26, 1986 and admitted that the

October 15 and November 15, 1985 payments had not been made and

that current contributions had not been made after November,

1985. Mr. Eaton denied refusing to present the books and records

of Eaton's Asphalt Service for audit but admitted that the audit

had not been conducted and that the auditor had contacted Eaton's

Asphalt Service with a request for an audit.

On the record as a whole the Court finds that Eatons Asphalt

Service through their principal corporate officer, Leo Eaton,

has failed to purge the contempt by failing to submit payments

of $3,000 due on October 15, 1985, and $4,928.51 due on November

15, 1985 as well as failing to submit current reports and payments

for the work month of December, 1985 through July, 1986 and by

failing to permit the auditor of the Building Trades United

Pension Trust Fund to conclude an audit of the company's books

and records.

## ORDER

The Court imposes a ten (10) day jail term upon Leo Eaton,

the principal officer of Eaton's Asphalt Service: Such jail

term to commence on September 17, 1986. The jail term, however,

shall not commence until there is a hearing at 1:30 p.m. on September 17, 1986 to determine whether the Court should reduce or suspend sanctions based upon the conduct of defendant between August 26, 1986 and September 17, 1986.  The Court further orders Leo Eaton and Eaton's Asphalt Service to permit an audit of the company's books and records and to make satisfactory arrangements to pay all of the previously ordered payments and to submit all of the current reports and payments required by previous orders of this Court.

Dated at Milwaukee, Wisconsin this __28__ day of __August__, 1986.

BY THE COURT

_Robert W. Warren_

JUDGE ROBERT W. WARREN