UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Plaintiffs | C.A. No.  04-12209 EFH |
| vs. | |
| CHRIS MEALEY ELECTRICAL, INC., Defendant | |
| and | |
| FIRST TRADE UNION BANK and FLEET BANK, Trustees | |

**FINDINGS AND ORDER FOR CIVIL CONTEMPT**
**AND ISSUANCE OF A CAPIAS**

This matter, having come before me on the Plaintiffs' Motion for Finding of Civil

Contempt and Issuance of a Capias, and upon consideration of the affidavits, motions and

memoranda on file, I find that:

On April 11, 2005, pursuant to a Motion for Preliminary Injunction to compel an audit by Plaintiffs Russell F. Sheehan, as he is Administrator, et al ("Funds"), this Court issued an Order for Preliminary Injunction ("Order"). The Order pertaining to Defendant Chris Mealey Electrical, Inc. ("Mealey") stated, in relevant part, as follows:

> Defendant is bound by the terms of the collective bargaining agreement with Local Union, 103, I.B.E.W. to furnish to Plaintiffs employment records and a current list of projects, including the names and addresses of the owner, manager, general contractor and or subcontractor for whom it has worked, and to allow Plaintiffs to examine its payroll records.

Counsel for the Funds served this Order upon the Defendant, and subsequently notified the Defendant of the Order and the need to schedule an audit via letter sent certified and first class mail, but Mealey has failed and refused to allow the Funds to examine its records for the mandated period of April, 2004 to the present date.

Further, on October 19, 2005, a Status Conference was held at which time this Court issued an Order which stated, in relevant part, as follows:

> The Court hereby orders the Defendant Chris Mealey Electrical, Inc. to comply with the Court's Order for Preliminary Injunction and to provide the plaintiff with its payroll records, employment records, and a current list of projects, for the period April 2004 to the present, so that an accounting can be completed, on or before November 2, 2005. Defendant Chris Mealey Electrical, Inc.'s failure and refusal to comply with this Order shall result in a fine in the amount of $500 per day to be imposed from November 2, 2005 up to and including the date of such compliance.

The Court's October 19, 2005 Order was sent to Mealey by the Funds' counsel via certified and first class mail on October 20, 2005. To date, Mealey has failed to comply with the Court's April 11, 2005 Order for Preliminary Injunction or its October 19, 2005 Order.

As such, Plaintiff Funds have presented sufficient evidence for the Court to find Mealey in contempt of the April 11, 2005 and October 19, 2005 Orders. By showing that Mealey has failed and refused to provide the Funds with access to its records for April, 2004 to the present date, pursuant to the Court's Orders, the Funds have shown by clear and convincing evidence that Mealey has violated two clear and unambiguous court orders. The Orders are specific in their terms and clearly describe the acts required of Mealey. Consequently, I find Mealey in contempt of the April 11, 2005 and October 19, 2005 Court Orders.

WHEREFORE, it is hereby ORDERED that this Court will issue a capias to place Mealey president Christopher J. Mealey in custody until he complies with this Court's Orders. Specifically, Mr. Mealey is to be held in custody until he provides the Funds with the following for the period April, 2004 to the present: employment records; a current list of projects, including the names and addresses of the owner, manager, general contractor and or subcontractor for whom it has worked; all payroll records; and any other records to which the Funds are entitled under the terms of the relevant collective bargaining agreement and which the Funds' auditors deem necessary in order to effectuate a complete audit for the prescribed time period.

SO ORDERED.


Dated:_____    _____
                                          The Honorable Edward F. Harrington
                                          United States District Court



GAG/gag&ts
ARS 3013 02-037/find&ord-contempt-capias.doc