UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br>　　　　　Plaintiffs<br><br>vs.<br><br>CHRIS MEALEY ELECTRICAL, INC.,<br>　　　　　Defendant<br><br>and<br><br>FIRST TRADE UNION BANK and FLEET BANK,<br>　　　　　Trustees | C.A. No.  04-12209 EFH |

**PLAINTIFFS' RECOMMENDATION WITH REGARD TO
FINDING OF CONTEMPT AGAINST CHRISTOPHER MEALEY**

Plaintiffs, Russell F. Sheehan, as he is Administrator, et al ("Funds"), respectfully submit the instant Recommendation to this honorable Court in accordance with the Court's direction at the January 31, 2006 Status Conference held in the above-captioned matter. At said Status Conference, this Court advised Christopher Mealey, the president of defendant Chris Mealey

Electrical, Inc., that he was in contempt of Court for his failure to comply with two of the Court's Orders commanding him to turn over relevant payroll documents to the Plaintiff Funds.

In accordance with the Court's direction at the Status Conference, Mr. Mealey met with Plaintiffs' counsel on February 3, 2006, at which time he filled out remittance reports stating that his company, Chris Mealey Electrical, Inc., did not work any hours utilizing Local 103 electricians for the period April, 2004 to the present. Mr. Mealey was advised by Plaintiffs' counsel that he also needed to present documents for the years 2004 and 2005, such as tax returns, which will substantiate that Chris Mealey Electrical, Inc. was no longer in operation as of April, 2004. Mr. Mealey has not yet supplied these documents.

It is Plaintiffs' recommendation at this time that Mr. Mealey's contempt result in a fine levied against him personally totaling $6,836.55, which represents the amount of the attorneys' fees and costs incurred by the Funds in pursuit of Mr. Mealey's payroll records. Plaintiffs respectfully request that the $6,836.55 fine by made payable to the Funds in restitution for the cost of the above-captioned litigation. Plaintiffs further request that should Mr. Mealey fail to produce the remainder of the relevant documents, as requested by Funds' counsel, by Friday, February 17, 2006, that he be further sentenced to serve five days in jail for his contempt and fined in an amount sufficient to cover the additional attorneys' fees incurred by the Funds.

    Respectfully submitted,

    RUSSELL F. SHEEHAN, as he is
    ADMINISTRATOR, ELECTRICAL
    WORKERS' HEALTH AND WELFARE
    FUND, LOCAL 103, I.B.E.W., et al,

    By their attorneys,

    /s/ Gregory A. Geiman
    Anne R. Sills, Esquire
    BBO #546576

                        Gregory A. Geiman, Esquire
                        BBO #655207
                        Segal, Roitman & Coleman
                        11 Beacon Street
                        Suite #500
                        Boston, MA  02108
                        (617) 742-0208

Dated:  February 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Recommendation has been served by first class mail upon defendant Chris Mealey Electrical, Inc. at 90 Wilkins Road, Braintree, MA  02184 this 9th day of February, 2006.

                        /s/ Gregory A. Geiman
                        Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 02-037/recommend-contempt.doc