UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
    Plaintiffs

vs.

CHRIS MEALEY ELECTRICAL, INC.,
    Defendant

and

FIRST TRADE UNION BANK and FLEET BANK,
    Trustees

C.A. No.  04-12209 EFH

**PLAINTIFFS' MOTION FOR ORDER COMPELLING DEFENDANT'S COMPLIANCE WITH COURT ORDER OF MARCH 23, 2006**

Plaintiffs, Russell F. Sheehan, as he is Administrator, et al., respectfully move this honorable Court for an order compelling Defendant Chris Mealey Electrical, Inc. to fully comply with the terms of this Court's Electronic Order of March 23, 2006, wherein this Court granted the Plaintiffs' Motion for Compliance with Court Orders of February 15 and March 15, 2006

("Motion for Compliance"), which sought the Defendant's compliance with this Court's mandate that it provide certain payroll records to the Plaintiffs.

On January 17, 2006, this Court found Chris Mealey Electrical, Inc. president Christopher J. Mealey to be in contempt of this Court for his company's failure to comply both with this Court's April 11, 2005 Order for a Preliminary Injunction to Obtain an Audit and its October 19, 2005 Order, entered at a Status Conference of the above-referenced case, that the Defendant comply with the mandate of the April 11, 2005 Order.  A capias for Mr. Mealey's arrest was issued on January 18, 2006.  A Status Conference was held on January 31, 2006, which Mr. Mealey attended of his own volition.  The parties were directed to meet in an effort to resolve the underlying dispute regarding Mr. Mealey's failure to produce records necessary for the conduct by the Plaintiff Funds of a payroll audit.  The Plaintiffs were further directed to file a recommendation within ten days as to any further action that the Court should take with regard to its contempt finding against Mr. Mealey.

In a February 9, 2006 Recommendation to this Court, the Plaintiffs stated that, while Mr. Mealey had produced remittance reports stating that his company did not work any hours utilizing I.B.E.W. Local 103 electricians during the period of the audit, i.e. April, 2004 to the present, Mr. Mealey had not yet produced documents for the years 2004 and 2005 that would substantiate his contention that Chris Mealey Electrical, Inc. ceased operations in April, 2004. The February 9, 2006 Recommendation requested that, Mr. Mealey be sentenced to serve five days in jail for his contempt if he failed to produce the remainder of the relevant documents by February 17, 2006.  The Recommendation further requested that Mr. Mealey's contempt result in a fine levied against him personally, totaling $6,836.55, which represented the amount of the

attorneys' fees and costs incurred by the Funds in pursuit of the aforementioned payroll records. The Plaintiffs' Recommendation was endorsed via electronic Court Order on February 15, 2006.

Mr. Mealey subsequently supplied Chris Mealey Electrical, Inc.'s tax return for the year 2004, but stated at the time that he did not yet have a 2005 tax return for Chris Mealey Electrical, Inc. Plaintiffs alternatively requested a letter, or other appropriate documentation, from his accountant confirming that the corporation did not conduct any business in 2005. No such letter was forthcoming. However, after a telephone conversation between Mr. Mealey and Funds' counsel on March 13, 2006, the Funds submitted their March 14, 2006 Recommendation to this Court, recommending – based upon counsel's conversation with Mr. Mealey – that Mr. Mealey be allowed until March 17, 2006 to have his accountant provide the Funds with the requested documentation. This Plaintiffs' Recommendation was endorsed via electronic Court Order on March 15, 2006.

The documentation was not provided by March 17, 2006. Thereafter, on March 23, 2006, the Plaintiffs filed their Motion for Compliance, in which they sought an order compelling Chris Mealey Electrical, Inc. to comply with the Court's numerous mandates that Mr. Mealey provide relevant documents for the year 2005 that would substantiate that Chris Mealey Electrical, Inc. was no longer in operation as of April, 2004, as Mr. Mealey contended. This Motion for Compliance was granted on March 23, 2006, and further stated that Mr. Mealey's failure to comply with the Order on or before April 6, 2006 would result in an arrest warrant being immediately issued for the arrest of Mr. Mealey. Mr. Mealey was provided with a copy of the Court's March 23, 2006 Order, enclosed with a letter from Funds' counsel, which was sent certified and first-class mail on March 24, 2006.

On April 11, 2006, Mr. Mealey provided Plaintiffs' counsel with records regarding banking activity undertaken by Chris Mealey Electrical, Inc. in 2005.  See Exhibit A, attached hereto.  Far from proving that the corporation did not conduct any business in 2005, the banking records demonstrated that a number of business-related transactions were made by the corporation in 2005, including debit card purchases at the Home Depot, numerous gas stations, an electrical supply store, and a communications provider.  To date, Mr. Mealey has failed to provide the Plaintiffs with either the 2005 tax return for Chris Mealey Electrical, Inc. or a letter or other appropriate documentation from his accountant confirming that the corporation did not conduct any business in 2005.  See Affidavit of Gregory A. Geiman ("Geiman Aff."), ¶2. Further, Mr. Mealey has failed to pay the $6,836.55 fine that was levied by this Court in its February 15, 2006 Order against Mr. Mealey personally, which is to be remitted to the Plaintiffs.  Geiman Aff., ¶3.

Without the 2005 tax return or other appropriate documentation, the Plaintiff Funds cannot confirm that Chris Mealey Electrical, Inc. did not operate for 2005 and that, as such, no fringe benefit contributions would be owed for that year.  The Funds are obligated to collect all contributions owed under the Employee Retirement Income Security Act of 1974 ("ERISA") to remain fully funded so that they can provide all of the benefits to which their participants and beneficiaries are contractually entitled.  See 29 U.S.C. §1001, et seq.  The Funds depend on their signatory employers, such as Chris Mealey Electrical, Inc., to remit the full amount of contributions owed under the terms of the collective bargaining agreement so that the Funds may remain fully funded.  Thus, the Funds can be ensured of paying the workers' hard-earned health and welfare and pension benefits.

WHEREFORE, the Plaintiffs respectfully move that this honorable Court, in accordance with its March 24, 2006 Order, issue a capias for the arrest of Christopher J. Mealey and detain him until such time as he provides the Funds with either the 2005 tax return for Chris Mealey Electrical, Inc. or a letter or other appropriate documentation from his accountant confirming that the corporation did not conduct any business in 2005, along with payment to the Funds of the $6,836.55 fine that was levied by this Court in its February 15, 2006 Order.

    Respectfully submitted,

    RUSSELL F. SHEEHAN, as he is
    ADMINISTRATOR, ELECTRICAL
    WORKERS' HEALTH AND WELFARE
    FUND, LOCAL 103, I.B.E.W., et al,

    By their attorneys,

    /s/ Gregory A. Geiman
    Anne R. Sills, Esquire
    BBO #546576
    Gregory A. Geiman, Esquire
    BBO #655207
    Segal, Roitman & Coleman
    11 Beacon Street
    Suite #500
    Boston, MA  02108
    (617) 742-0208
    asills@segalroitman.com
    ggeiman@segalroitman.com

Dated:  December 19, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing Motion for Compliance has been served by certified and first class mail upon defendant Chris Mealey Electrical, Inc. at 90 Wilkins Road, Braintree, MA  02184 this 19th day of December, 2006.

    /s/ Gregory A. Geiman
    Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 02-037/motion-compliance3.doc