UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, <br>          Plaintiffs <br><br>vs. <br><br>CHRIS MEALEY ELECTRICAL, INC., <br>          Defendant <br><br>and <br><br>FIRST TRADE UNION BANK and FLEET BANK, <br>          Trustees | C.A. No. 04-12209 EFH |

**AFFIDAVIT OF GREGORY A. GEIMAN**

1. My name is Gregory A. Geiman. I am an attorney with the law firm of Segal, Roitman & Coleman and I represent the Plaintiffs in their above-referenced suit against Chris Mealey Electrical, Inc. ("Mealey").

2. On March 28, 2007, a Status Conference was held in the above-referenced suit. Christopher J. Mealey, company president, appeared on behalf of the Defendant. Before the

hearing, Mr. Mealey and I discussed the broad outlines of a settlement of this matter, including his company's undergoing a complete payroll audit. After the hearing, we met outside of the courtroom and came to terms on a specific Settlement Agreement. I told him that I would promptly draft the Settlement Agreement and send it to him for his review and signature.

     3.     Under the terms of the Settlement Agreement, as discussed after the hearing, Mealey had agreed to facilitate an expeditious audit of its payroll records for the period April, 2004 to the present, to make payment of the Court-ordered fine levied against him with an up-front $4,000.00 payment and smaller monthly payments for the subsequent year, and to pay in full, within 30 days, any contributions found due as a result of the audit. In consideration for Mealey's execution of the Settlement Agreement, the Funds were to seek a 90-day settlement order of dismissal of the above-referenced suit. Funds Administrator Richard Gambino executed the Settlement Agreement on March 29, 2007. A copy of the Settlement Agreement, with Mr. Gambino's signature, is attached hereto as Exhibit 1.

     4.     The Settlement Agreement was sent to Mr. Mealey for his signature via fax and first class mail on March 29, 2007. A copy of the letter sent to Mr. Mealey is attached hereto as Exhibit 2. Although the fax transmission was not successful, the letter sent via first class mail has not, upon information and belief, been returned to this office.

     5.     Shortly after the March 29, 2007 letter was sent to Mr. Mealey, I contacted the accounting firm of Vitale, Caturano & Company, auditors for the Funds, and asked them to send correspondence to Mealey seeking to schedule a payroll audit for the company.

     6.     Mr. Mealey has not, to date, executed and returned the Settlement Agreement to me. He has also not remitted the $4,000.00 payment that would have come due under the terms

of the agreement on April 10, 2007. I have left numerous voicemails on Mr. Mealey's cellular telephone, (617) 438-1027, but none of these calls has been returned.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 15th DAY OF MAY, 2007.

/s/ Gregory A. Geiman
Gregory A. Geiman

### CERTIFICATE OF SERVICE

I hereby certify that the above Affidavit of Gregory A. Geiman has been served by first class mail upon Defendant Chris Mealey Electrical, Inc. at 90 Wilkins Road, Braintree, MA 02184 this 15th day of May, 2007.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 02-037/affgeiman3.doc

3