## **SETTLEMENT AGREEMENT**

Chris Mealey Electrical, Inc. ("Mealey"), Christopher J. Mealey, and the International Brotherhood of Electrical Workers Local 103 Trust Funds ("Funds") agree as follows:

WHEREAS, Mealey is signatory to a collective bargaining agreement between the International Brotherhood of Electrical Workers, Local 103 and the Boston Chapter of the National Electrical Contractors' Association whereby it is obligated to pay fringe benefit contributions to the Funds for each hour worked by each of its employees at rates prescribed by said agreement, and upon request, to allow the Funds to audit its payroll records; and

WHEREAS, the Funds filed suit in October, 2004 against Mealey in United States District Court for the District of Massachusetts in an action entitled <u>Russell F. Sheehan, as he is Administrator, et al.</u> v. <u>Chris Mealey Electrical, Inc.</u>, C.A. No. 04-12209 EFH, to obtain a payroll audit and for the payment of contributions for the period April, 2004 through the present; and

WHEREAS, the Court ordered in April, 2005 that the Plaintiffs be granted a preliminary injunction and that Mealey, its officers, agents, employees, accountants, and assigns cooperate with the designated auditors of the Funds and provide all pertinent books and records of the corporation for the period from April, 2004 to the present to be audited; and

WHEREAS, Mealey failed to comply with the aforementioned Court Order and the Court subsequently found that Mealey president Christopher J. Mealey, individually, was in contempt of the Court and that, in part, he should be compelled to pay the attorneys' fees incurred by the Funds in pursuit of his payroll records, totaling $8,662.55; and

WHEREAS, Mealey has now provided the Funds with copies of the corporation's 2004 and 2005 Form 1120S tax returns, which list gross sales of $301,504.00 for 2004 and $29,670.00 for 2005; and

WHEREAS, it would appear from its 2004 and 2005 tax returns that Mealey continued to be operational, to some degree, after it ceased paying contributions to the Funds beginning in April, 2004; and

WHEREAS, it is imperative that the Funds conduct a complete audit of Mealey's payroll records for the period April, 2004 to the present to confirm that no contributions are owed for any hours of work performed by Mealey employees during that period of time; and

WHEREAS, the parties wish to fully and finally resolve the above-referenced litigation;

NOW, THEREFORE, the parties agree as follows:

1. Christopher J. Mealey agrees to make payment of the Court-ordered fine levied against him, individually, as follows:

    - $4,000.00    Due no later than April 10, 2007
    - $350.00      Due no later than May 10, 2007
    - $350.00      Due no later than June 10, 2007
    - $350.00      Due no later than July 10, 2007
    - $350.00      Due no later than August 10, 2007
    - $350.00      Due no later than September 10, 2007
    - $350.00      Due no later than October 10, 2007
    - $350.00      Due no later than November 10, 2007
    - $350.00      Due no later than December 10, 2007
    - $350.00      Due no later than January 10, 2008
    - $350.00      Due no later than February 10, 2008
    - $350.00      Due no later than March 10, 2008
    - $350.00      Due no later than April 10, 2008
    - $462.55      Due no later than May 10, 2008

2. Christopher J. Mealey further agrees to accelerate the payments in Paragraph 1 whenever possible.

3. Mealey agrees to facilitate an expeditious audit of all of its pertinent books and records that are requested by the Funds' auditors for the period April, 2004 to the present.

4. Mealey further agrees to pay in full any and all contributions and/or interest found to be due the Funds for the period April, 2004 to the present no later than thirty (30) days after the audit results are sent to Mealey's corporate address, 90 Wilkins Road, Braintree, Massachusetts 02184. Mealey is solely responsible for informing the Funds or their counsel of any alternative address to which it would rather have the audit results sent. For the purpose of this Settlement Agreement, the audit results are considered "sent" as of the date of the postmark.

5. In consideration for Mealey's agreement to the terms of paragraphs 1 -4 supra, the Funds will agree to file a motion to seek a 90-day settlement order of dismissal of the above-referenced litigation along with the Court's retention of jurisdiction to enforce the instant Settlement Agreement in the event that said Agreement is breached. In the alternative, the Funds will file a motion to dismiss the instant

suit without prejudice, with Mealey to bear the attorney's fees incurred by the Funds in filing a new suit if Mealey breaches this Settlement Agreement.

Chris Mealey Electrical, Inc.,

By: Christopher J. Mealey, President

Date: _____

Christopher J. Mealey, Individually

By:     Christopher J. Mealey

Date: _____

I.B.E.W. Local 103 Trust Funds,

By: Richard Gambino, Administrator

Date: 3/29/07

GAG/gag&ts
ARS 3013 02-037/setlagr.doc