## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br>        Plaintiffs<br><br>vs.<br><br>CHRIS MEALEY ELECTRICAL, INC.,<br>        Defendant<br><br>and<br><br>FIRST TRADE UNION BANK and FLEET BANK,<br>        Trustees | C.A. No.  04-12209 EFH |

### MOTION FOR ORDER CONDITIONALLY DISMISSING ACTION AND RETAINING JURISDICTION

Now comes Russell F. Sheehan, as he is Administrator, Electrical Workers Health and Welfare Fund, Local 103, I.B.E.W., *et al.*, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and respectfully requests that this Honorable Court enter an Order, 1) dismissing this case pursuant to a 90-day Order of Dismissal in the form attached hereto as Exhibit A and 2) retaining jurisdiction to enforce a Settlement Agreement entered into between the parties on June

1, 2007, in the event that said Settlement Agreement is breached.  A true and accurate copy of the Settlement Agreement is attached hereto as Exhibit B.

    As grounds for this motion, the Plaintiffs state as follows:

    1.    This settlement will conserve judicial resources and limit the parties' costs.

    2.    The Settlement Agreement provides for an audit of the Defendant's payroll records to be conducted expeditiously and for any payments due as a result of the audit to be paid within 30 days after the audit report has been provided to the Defendant.  As such, any payment due the Plaintiffs as a result of the payroll audit should, if the Defendant cooperates with the auditor, come due within the 90-day period requested in the instant motion.

    3.    Moreover, the Settlement Agreement provides for payment of a Court-levied fine by the Defendant over the course of a thirteen-month period, beginning June 1, 2007 and ending July 1, 2008.  As such, Plaintiffs request that this honorable Court retain jurisdiction to enforce the Settlement Agreement in the event that Defendant fails to comply with the terms of the Agreement.  If the Defendant should fail to make a scheduled payment or otherwise breaches the terms of the Settlement Agreement after the 90-day period has passed, Plaintiffs would move to enforce the Settlement Agreement.

    4.    The Court has independent federal jurisdiction pursuant to §301 of the Labor Management Relations Act, 29 U.S.C. §185, to enforce the Settlement Agreement or to hear a separate suit to enforce the agreement which, by its terms, is a labor agreement governed by the Labor Management Relations Act.

    5.    The Court may retain jurisdiction over a settlement agreement where, as here, the parties request that an Order of Dismissal enter subject to reopening to enforce the settlement agreement.  Fed.R.Civ.P. 41(a)(2) ("an action shall not be dismissed at the plaintiff's instance

save upon order of the court and *upon such terms and conditions as the court deems proper*") (emphasis added); <u>Kokkonen v. Guardian Life Insurance Company of America</u>, 511 U.S. 375, 381-82 (1994) (stating, in dicta, that Federal Rule of Civil Procedure 41(a)(2) permits a court to exercise ancillary jurisdiction to enforce a settlement agreement if the dismissal order incorporates the settlement agreement or expressly states that the court retains jurisdiction over it); <u>Lipman v. Dye</u>, 294 F.3d 17 (1st Cir., 2002).

WHEREFORE, the parties request that the Court grant this Motion and enter an Order 1) dismissing the case pursuant to a 90-day Order of Dismissal and 2) expressly retaining jurisdiction to enforce the Settlement Agreement in the event that it is breached.

Respectfully submitted,

RUSSELL F. SHEEHAN, as he is
ADMINISTRATOR, ELECTRICAL
WORKERS' HEALTH AND WELFARE
FUND, LOCAL 103, I.B.E.W., *et al*,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  June 1, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served by first class mail upon defendant Chris Mealey Electrical, Inc. at 90 Wilkins Road, Braintree, MA  02184 this 1st day of June, 2007.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 02-037/motion-dismiss-retainjurisd.doc