UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
    Plaintiffs

vs.

CHRIS MEALEY ELECTRICAL, INC.,
    Defendant

and

FIRST TRADE UNION BANK and FLEET BANK,
    Trustees

C.A. No. 04-12209 EFH

---

## ORDER CONDITIONALLY DISMISSING ACTION AND RETAINING JURISDICTION

1.    It is hereby ORDERED that this action is dismissed, except that the action is subject to reopening for purposes of enforcing a Settlement Agreement entered into by the parties and dated June 1, 2007, if within 90 days of this Order a motion is filed which alleges that the Defendants have not performed pursuant to the terms of the Settlement Agreement.

2.  The Court retains jurisdiction to enforce the terms of the Settlement Agreement upon the filing of a timely motion alleging nonpayment or late payment.

3.  If no motion is filed within 90 days, the case may be reopened only upon a meritorious motion pursuant to Rule 60 of the Federal Rules of Civil Procedure. See, Pratt v. Philbrook, 109 F.3d 18 (1st Cir. 1977).

4.  The Court acknowledges its jurisdiction to consider a complaint for breach of the Settlement Agreement, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

SO ORDERED

_____
The Honorable Edward F. Harrington
U.S. District Court

6-4-07

GAG/gag&ts
ARS 3013 02-037/order-dismiss-retainjurisd.doc